

**Signed and Filed: August 04, 2005**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NORTHPOINT COMMUNICATIONS GROUP, INC., NORTHPOINT COMMUNICATIONS, INC., NORTHPOINT COMMUNICATIONS OF VIRGINIA, INC., NORTHPOINT INTERNATIONAL, INC.,<br><br>          Debtors. | Case No: 01-30127 TC<br><br>(Jointly Administered with #01-30125, #01-30126, and #01-30128)<br><br>Chapter 7 |
| DINA GAN, TANJA WARNER, TRESSA JONES ERIC JAMES and BRANDON LANE, individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>E. LYNN SCHOENMANN, Trustee of Northpoint Communications, Inc.,<br><br>          Defendant. | Adv. Proc. No. 01-3107 TC<br><br>Date: July 29, 2005<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas E. Carlson<br>     235 Pine Street<br>     San Francisco, CA |

### MEMORANDUM RE MOTION FOR LEAVE TO AMEND ANSWER

**MEMORANDUM RE MOTION FOR LEAVE TO AMEND ANSWER**

On July 29, 2005, this court held a hearing regarding the motion of Defendant, chapter 11 trustee E. Lynn Schoenmann (Trustee), to amend her answer in this action to add two affirmative defenses. Dennis D. Davis appeared for Trustee. David A. Lowe and Christopher D. Kuhner appeared for Plaintiff. Upon due consideration, and for the reasons stated below, the motion is denied regarding the "faltering company" defense, and granted regarding the "good faith" exception.

**Faltering Company Exception**

Trustee's request to amend her answer to assert the "faltering company" exception is denied on the basis that the amendment would be futile. To invoke that exception, the employer must (1) be actively seeking financing, (2) that it has a realistic opportunity to obtain, (3) that would enable the employer to postpone a shutdown for a reasonable period of time, and (4) that the employer could not obtain if WARN Act notice was provided to the employees. 20 C.F.R. § 639.9(a).

Trustee cannot establish the third requirement of the exception - that the financing sought would postpone the shutdown for a reasonable period of time. Debtor filed its motion to obtain financing on January 17, 2001. The motion indicates that even with the desired financing, Debtor could not operate beyond March 31, 2001, and that Debtor intended not to operate indefinitely, but to close a sale of its assets by the end of March. The financing thus would have allowed Debtor to operate for only 73 days, little more than the 60-day WARN Act notice period, at which time Debtor would definitely cease operations. Although Debtor hoped that a buyer would hire Debtor's employees, it had no reasonable basis to expect

that would happen.  As of 60 days before its expected shutdown, Debtor had not found a buyer, it was merely pursuing a process of seeking a buyer.  Moreover, Debtor's proposed sales procedures did not specify that the purchaser was to retain Debtor's employees or to be responsible for providing WARN Act notice to those employees.  Thus, this case is not at all like <u>Burnsides v. MJ Optical, Inc</u>., 128 F.3d 700, 703 (8th Cir. 1997), in which the purchaser had agreed to retain the acquired company's employees until just before the sale closed.  In sum, Debtor knew it would shut down approximately 73 days after it obtained the financing, and had no demonstrable basis to expect that a purchaser would retain its employees afterward.

**Good Faith Exception**

    Trustee's request to amend her answer to assert the "good faith" exception is granted.  Leave to amend should be granted, because the case has not yet been set for trial, discovery is not closed, the defense does not involve a wholly new set of facts, and the amendment does not appear to be futile.

**\*\*END OF MEMORANDUM\*\***

<u>**Court Service List**</u>

Dennis D. Davis, Esq.
Goldberg, Stinnett, Meyers & Davis
44 Montgomery Street, #2900
San Francisco, CA 94104

Christopher D. Kuhner, Esq.
Kornfield, Paul & Nyberg
1999 Harrison Street, #2675
Oakland, CA 94612

David A. Lowe, Esq.
Rudy, Exelrod & Zieff, LLP
351 California Street, #700
San Francisco, CA 94104

Michael S. Lurey, Esq.
Law Offices of Latham & Watkins
633 W 5th Street, #4000
Los Angeles, CA 90071-2007

Joshua M. Mester, Esq.
Hennigan, Bennett & Dorman
601 S Figueroa Street, #3300
Los Angeles, CA 90017

Office of the U.S. Trustee
235 Pine Street, #700
San Francisco, CA 94104